**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FRAZIER T. BROWN, III,

       Petitioner,

v.                                      Case No. 8:13-cv-1757-T-33EAJ

SECRETARY, DEP'T OF CORRECTIONS,

       Respondent.

_____

## ORDER

Petitioner Frazier T. Brown, III, an inmate in the Florida Department of Corrections proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1).  Brown challenges his convictions entered in 2005 in the Thirteenth Judicial Circuit, Hillsborough County, Florida.  Upon review, the petition must be denied.

## PROCEDURAL HISTORY

The State of Florida charged Brown with five counts of lewd or lascivious molestation (counts one, three, four, seven, and eight); three counts of lewd or lascivious conduct (solicitation) (counts two, five, and nine); and one count of showing obscene material to a minor (count six). (Ex. 1, pp. 83-87.)  A jury convicted Brown as charged except on counts four and seven.  On those counts, the jury convicted him of the lesser-included offense of unnatural and lascivious act. (Id., pp. 130-32.)  The state trial court entered a judgment of acquittal on count six.   (Ex. 1B, pp. 456-57.)  Brown was sentenced to concurrent terms of fifteen years in prison on counts one, two, three, and five. (Ex. 1, pp. 157-162.)  He was sentenced to a consecutive term of ten years in prison on count eight. (Id., pp. 163-64.)

On count nine, Brown was sentenced to ten years of sex offender probation, to be served consecutive to the sentence imposed on count eight.  (Id., pp. 165-66.)  Brown was sentenced to time served on counts four and seven.  (Id., p. 154.)  The state district court of appeal *per curiam* affirmed Brown's judgment and sentence.  (Ex. 5.)    Brown filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. 21, pp. 43-65.)  The state postconviction court summarily denied several of Brown's claims and granted an evidentiary hearing on the remaining claims.  (Id., pp. 15-22, 70-77.)[1] After the evidentiary hearing, the state court entered a final order denying Brown's postconviction motion.  (Ex. 21A, pp. 113-240.)  Brown's motion for rehearing was denied.  (Ex. 21A, pp. 243-48, 249-64.)  The state district court of appeal *per curiam* affirmed the order denying Brown's postconviction claims.  (Ex. 25.)  His motion for rehearing and for a written opinion was denied.  (Exs. 26, 27.)

Respondent does not contest the timeliness of Brown's federal habeas petition. Respondent filed a response (Doc. 14) and corrected response (Doc. 17) and Brown filed a reply (Doc. 22).  Brown then filed a corrected reply (Doc. 24) and Respondent filed a sur-reply (Doc. 26).

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied,* 531 U.S. 840 (2000).  Habeas relief can only be granted if a petitioner is in custody

---

[1] The order granting an evidentiary hearing also rejected Brown's motion for judgment on the pleadings, reply to the State's response, motion for postconviction relief supplement, and motion for leave to supplement pending motion for post conviction relief.  (Ex. 21, p. 76.)

"in violation of the Constitution or laws or treaties of the United States."   28 U.S.C.

§ 2254(a).  Section 2254(d), which sets forth a highly deferential standard for federal court

review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this

deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied–the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established

federal law is objectively unreasonable . . . an unreasonable application is different from

an incorrect one."  *Bell v. Cone*, 535 U.S. 685, 694 (2002).  "As a condition for obtaining

habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that [the federal court is] to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. In other words, "AEDPA prevents defendants–and federal courts–from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster,* _U.S._, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion, the state district court of appeal affirmed the denial of Brown's postconviction motion. The state appellate court's *per curiam* affirmance warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v.*

*Moore,* 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied,* 278 F.3d 1245

(2002), *cert. denied sub nom Wright v. Crosby,* 538 U.S. 906 (2003). *See also Richter,* 562

U.S. at 99 ("When a federal claim has been presented to a state court and the state court

has denied relief, it may be presumed that the state court adjudicated the claim on the

merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state

court.

> We now hold that review under § 2254(d)(1) is limited to the record that was
> before the state court that adjudicated the claim on the merits.   Section
> 2254(d)(1) refers, in the past tense, to a state-court adjudication that
> "resulted in" a decision that was contrary to, or "involved" an unreasonable
> application of, established law.  This backward-looking language requires an
> examination of the state-court decision at the time it was made.  It follows
> that the record under review is limited to the record in existence at that same
> time, i.e., the record before the state court.

*Pinholster,* 131 S. Ct. at 1398.   Brown bears the burden of overcoming by clear and

convincing evidence a state court factual determination. "[A] determination of a factual

issue made by a State court shall be presumed to be correct. The applicant shall have the

burden of rebutting the presumption of correctness by clear and convincing evidence." 28

U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to

a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert.*

*denied*, 534 U.S. 1046 (2001).  The state court's rejection of Brown's postconviction motion

warrants deference in this case.

### STANDARD FOR CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

All five of Brown's claims assert ineffective assistance of counsel, a difficult claim

to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d

1506, 1511 (11th Cir. 1995) (en banc) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.

1994)).  Claims of ineffective assistance of counsel are analyzed under the test set forth

in *Strickland v. Washington*, 466 U.S. 668 (1984):

> The law regarding ineffective assistance of counsel claims is well settled and
> well documented.  In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct.
> 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test
> for analyzing ineffective assistance of counsel claims.   According to
> *Strickland*, first, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment.  Second, the defendant must show that the deficient
> performance prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable.  *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).   In order to show deficient

performance, a petitioner must demonstrate that "in light of all the circumstances, the

identified acts or omissions [of counsel] were outside the wide range of professionally

competent assistance."   *Strickland*, 466 U.S. at 690.   However, "counsel is strongly

presumed to have rendered adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment."  466 U.S. at 690.  Additionally, "a court

deciding an actual ineffectiveness claim must judge the reasonableness of counsel's

challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct."  466 U.S. at 690.

Brown must demonstrate that counsel's alleged error prejudiced the defense

because "[a]n error by counsel, even if professionally unreasonable, does not warrant

setting aside the judgment of a criminal proceeding if the error had no effect on the

judgment."  466 U.S. at 691-92.  To show prejudice, a petitioner must demonstrate "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Counsel's strategic choices "made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91. A petitioner cannot meet his burden merely by showing that counsel's choices were unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

Sustaining a claim of ineffective assistance of counsel on federal habeas review is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (citations omitted). *See also Pinholster*, 131 S. Ct. at 1410 (a petitioner must overcome the "'doubly deferential' standard of *Strickland* and AEDPA.").

If a claim of ineffective assistance of counsel can be resolved through one of the *Strickland* test's two prongs, the other prong need not be considered. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds.").

## DISCUSSION

**Ground One**

Brown asserts that counsel was ineffective for not providing sufficient advice regarding two plea offers conveyed by the State. Brown contends that when he asked counsel whether he should accept them, counsel merely stated that he had "won some with less and lost some with more." (Doc. 1, p. 5.) Brown claims that counsel was required to discuss with him the strength of his case and the State's case and to advise him whether to accept or reject the offers. He contends that counsel provided unreasonable advice by not advising him to accept the State's fifteen-year plea offer. Brown asserts that, absent counsel's deficiencies, the outcome of the proceedings would have been different.

Brown raised this allegation in claim one of his postconviction motion, which the state court denied after an evidentiary hearing:

> At the August 22, 2011, evidentiary hearing, Defendant testified that [counsel] informed him of two plea offers made by the state, one for thirty (30) years, no probation, and one for fifteen (15) years, no probation. Defendant testified that the thirty-year offer was given to him a few months before trial, and the fifteen-year offer was two weeks before trial. He testified that he was not aware of any counteroffers made by him or his attorney. He testified that he had a vague understanding of what a plea agreement was, but no experience with it. He testified that [counsel] only told him "I've won some with less and lost some with more." Defendant testified that this was a direct quote, and [counsel] did not explain any more to him regarding his

chances.

Defendant testified that [counsel] never discussed his chances of proceeding to trial and being acquitted. He testified that at the time of the second offer, he was led to believe that he had a pretty good case going. He testified that he knew there was a chance of ninety (90) years, but thought he had a good chance of winning the case. Defendant testified that [counsel] never really enforced that things could really get bad in a hurry, that there was a lot of stuff against him, and that it would have been in his interest to take a plea. He testified that at both plea offers, [counsel] only reiterated that he had won some with less and lost some with more. Defendant also testified that he did not remember specifically asking [counsel] for his opinion.

Defendant testified that he believes [counsel] should have given more of his professional assessment of his case and that the chances of going to trial were bad given the evidence against him. He testified that no one ever used the term his "best interest." Defendant testified that it would have been in his best interest to plead out. Defendant testified that he thought he should have been better advised. He testified that [counsel] never made any recommendations one way or the other, he simply went over the score sheet.

At the August 22, 2011, evidentiary hearing, [counsel] testified that he conveyed both plea offers to Defendant, and Defendant rejected both offers. He testified that he provided all of the discovery, including transcripts, to Defendant. He testified he did not use the exact language of "won some with less, lost some with more," but he may have said the substance of that. He testified that he frequently tells clients that when a case goes in front of a jury, anything can happen. He testified that he had numerous conversations with Defendant regarding the case. He testified that he never intentionally misled Defendant about the case. He testified that it was his practice with all Defendants to go over the strengths and the weaknesses of the case, to talk about the applicable law, and then talk about what the person wants to do.

[Counsel] testified that this was a unique situation because Defendant had no criminal history and these were teenage boys working for him. He testified that the plea offers were pretty substantial. He testified that the first offer was thirty (30) years prison and the second was fifteen (15) years prison followed by twenty (20) years sex offender probation. He testified that he felt the offers and the sentences imposed were excessive, which made it difficult to go over the strengths and weaknesses, but it was ultimately Defendant's decision not to plead. He testified that he tells everyone it is their decision not to plead.

He testified that he did not tell Defendant it was a reasonable plea deal because he believed it was excessive. He testified that Defendant flatly refused the plea offers that were extended, and there was not any interest by either of them in discussing it. He testified it was not a one-time discussion, but Defendant was not interested in pleading guilty. He testified that he did not specifically remember Defendant asking him whether he should plead or not, but if he did he would have told him that you cannot predict the outcome

of a trial.

        After reviewing the allegations, the testimony, the court file, and the record, the Court finds [counsel's] testimony to be more credible than that of Defendant.  The Court finds [counsel] ADEQUATELY INFORMED AND ADVISED Defendant of the State's plea offers, discussed the strengths and weaknesses of the case with Defendant, and Defendant refused to plead. The Court finds Defendant cannot demonstrate deficient conduct.  **As such, no relief is warranted.**

(Ex. 21A, pp. 116-19) (court's record citations omitted)

        The testimony presented at the evidentiary hearing supports the state court's conclusion that Brown failed to show deficient performance by counsel.[2]  The state court's determination that counsel's testimony was more credible than Brown's testimony is presumed correct.  *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [the attorney's] testimony over [the petitioner's].”), *cert. denied*, 526 U.S. 1047 (1999); *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court concerning historical facts and assessments of witness credibility are . . . entitled to the same presumption accorded findings of fact under 28 U.S.C. § 2254(d).”), *cert. denied*, 513 U.S. 1161 (1995).[3]

        Brown fails to demonstrate that the state court's determination was an unreasonable

---

[2] In support of his ineffective assistance claim, Brown cites *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376 (2012).  However, *Lafler* does not apply to Brown's claim.  In *Lafler*, it was undisputed that counsel performed deficiently in providing advice to reject a plea offer.  Because the deficient performance prong of *Strickland* was not at issue, the question before the Supreme Court was "how to apply *Strickland*'s prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial.”  132 S. Ct. at 1384.  Here, the state postconviction court found that Brown failed to establish that counsel's performance was deficient.  Because Brown does not show error in the state postconviction court's ruling on deficient performance, there is no reason to review *Strickland*'s prejudice prong.

[3] Brown filed a motion for rehearing of his postconviction motion, arguing in part that the state court erred in finding counsel's testimony to be more credible as to claim one. (Ex. 21A, pp. 243-48.) This motion was denied. (Id., pp. 249-64.)  To the extent Brown now attempts to raise the same allegation of error by the postconviction court, he is not entitled to relief.  Brown fails to establish that the postconviction court's credibility determination was erroneous.

application of *Strickland*, or was based on an unreasonable determination of the facts. Consequently, he is not entitled to relief on Ground One.

**Ground Two**

Brown asserts that trial counsel's ineffective assistance resulted the imposition of an unconstitutionally excessive and disproportionate sentence on counts four and seven. Brown alleges that his sentencing scoresheet improperly contained victim injury points imposed as a result of his convictions on counts four and seven.[4]  These counts charged lewd or lascivious molestation, a second degree felony.   On each count, Brown was convicted of the lesser-included offense of unnatural and lascivious act, a second degree misdemeanor punishable by up to sixty days in jail.  §§  775.082(4)(b), 800.02, Fla. Stat.

Brown was sentenced to time served on counts four and seven.   Brown asserts, however, that because of the inclusion of victim injury points for these counts, he was effectively punished in excess of the sixty-day maximum term permitted by Florida law. Specifically, he calculates that the imposition of these points resulted in the equivalent of a 60.4-month sentence on each count.  (Doc. 1, p. 8.)

Brown asserts that counsel failed to present sufficient argument when objecting to the imposition of these victim injury points at sentencing.  He states that counsel should have argued that the points rendered his sentence unconstitutionally disproportionate and excessive and that the Florida Legislature did not intend for points to be assessed on

---

[4] Brown refers to the Criminal Punishment Code sentencing scoresheet, prepared in accordance with Florida Rule of Criminal Procedure 3.992.  The scoresheet in Brown's case provides that 40 victim injury points for sex contact were assessed on five offenses, for a total of 200 points.  (Ex. 1, p. 151.)  The total number of victim injury points is utilized in calculating the sentencing range.  Brown's scoresheet reflects a sentencing range consisting of a lowest permissible sentence of 253.8 months, or 21.15 years, in prison and a maximum sentence of 90 years in prison.  (Id., p. 152.)

misdemeanor convictions.  Brown argues that the sentencing court would have omitted the points from the scoresheet and he would have received a lower sentence had counsel presented these arguments.  Therefore, Brown asserts, counsel's ineffective assistance resulted in a sentence on counts four and seven that is unconstitutional under the Fifth, Eighth, and Fourteenth Amendments.

To the extent Brown may attempt to raise an independent substantive claim challenging the constitutionality of his sentence, it is unexhausted.  Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").  *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted).  A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."  *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845).

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim.  *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal

claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).   A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."   *Pruitt*, 348 F.3d at 1358.  The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).  The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim.   28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

Although Brown challenged the assessment of the victim injury points on direct appeal, he raised a different argument than the one presented in his federal habeas petition.  On direct appeal, Brown only asserted that the victim injury points were imposed contrary to *Blakely v. Washington*, 542 U.S. 296 (2004) because they were determined by the sentencing court rather than the jury.  (Ex. 3.)  Brown was required to present the same legal and factual bases for the claim in both his state court pleading and federal habeas petition to exhaust the claim for purposes of federal habeas review.

Because he did not do so, the claim presented in Brown's federal habeas petition is unexhausted.  The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the

fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).   Brown cannot return to state court to file a successive, untimely direct appeal.  *See* Fla. R. App. P. 9.140.   Therefore, his claim is procedurally defaulted.

To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999).  *See also Murray v. Carrier*, 477 U.S. 478 (1986).   To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions.  *United States v. Frady*, 456 U.S. 152, 170 (1982).   The petitioner must show at least a reasonable probability of a different outcome.  *Henderson*, 353 F.3d at 892; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96.   A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at 892.   Brown does not argue or demonstrate either exception applies to overcome his default.   Any independent substantive claim that his sentence is unconstitutional is therefore barred from federal habeas review.

Moreover, Brown is not entitled to relief on his claim that counsel's ineffective

assistance in failing to raise an adequate challenge to the assessment of victim injury

points for misdemeanor convictions resulted in an unconstitutional sentence on counts four

and seven.  Brown raised this allegation in claim two of his postconviction motion, which

the state court summarily denied:

> Defendant alleges ineffective assistance of counsel for failing to adequately challenge the imposition of injury points for misdemeanors.  Specifically, Defendant alleges that following the trial he was scored a total of 200 points for victim injury, 120 points for felonies, and 80 points for two misdemeanors. Defendant alleges that counsel did object to the victim injury points added for the misdemeanors on the basis that points should not be added for misdemeanors and the points to a misdemeanor can result in a prison sentence.  Defendant alleges the points were added.  Defendant alleges the points were challenged on appeal, but on a different basis then [sic] objected to by trial counsel and that had counsel presented a proper legal basis for not imposing the points, the Court would not have imposed them.
>
>     After reviewing the allegations, the court file, and the record, the Court finds that the Defendant's claim is facially sufficient.  In *Fudge v. State*, the Court concluded that the Legislature intended for misdemeanors to qualify as "additional offenses" and held that where offenses, other than the primary offense for which the defendant was convicted, were pending before the court at the time of sentencing then victim injury points for the additional misdemeanor offense are properly scored.  *See Fudge v. State*, 791 So.2d 1186, 1188 (Fla. 5th DCA 2001).  The Court finds that counsel was not deficient, based on Defendant's allegations in his rule 3.850 motion, because counsel did object at trial to the imposition of the victim points on the misdemeanor convictions.  Further, The Court finds "failure to preserve issues for appeal does not show the necessary prejudice under *Strickland*." *Strobridge v. State*, 1 So.3d 1240, 1242 (Fla. 4th DCA 2009).  Moreover, the Court finds that Defendant is unable to demonstrate prejudice as the imposition of victim injury points for misdemeanors is permissible.  *Fudge*, 791 So.2d at 1188.  **As such, claim two is denied.**

(Ex. 21, pp. 18-19) (court's record citation omitted)

The state court's finding is supported by the record.  The sentencing transcript

reflects that counsel argued victim injury points for Brown's misdemeanor offenses should

not be scored.  (Ex. 1C, pp. 494-98.)  However, the state postconviction court pointed to

case law reflecting that, in accordance with legislative intent, victim injury points for

misdemeanors are appropriately included on the scoresheet.[5] *Fudge v. State*, 791 So.2d 1186, 1188 (Fla. 5th DCA 2001) ("We conclude that the Legislature intended for misdemeanors to qualify as 'additional offenses' . . . . [t]hus victim injury points for the [misdemeanor] additional offense . . . were properly scored.").

Accordingly, Brown fails to establish that trial counsel was ineffective for not arguing that imposition of the points for misdemeanors was contrary to legislative intent regarding relevant provisions of Florida sentencing law. Counsel is not ineffective for failing to bring meritless claims. *See Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002); *Chandler v. Moore*, 240 F.3d 907, 917-18 (11th Cir. 2001). The state court's finding that Brown failed to show prejudice is also supported because he does not demonstrate the points would have been omitted had counsel presented this argument to the sentencing court.

To the extent Brown asserts that counsel should have argued that the inclusion of the victim injury points for the misdemeanors resulted in an Eighth Amendment violation because his sentence was unconstitutionally disproportionate and excessive, he is not entitled to relief.  To show an Eighth Amendment violation, Brown must establish that his sentence is grossly disproportionate.  This principle is applicable only in rare and extreme cases.  *See Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003).

The Eighth Amendment "contains a narrow proportionality principle that applies to noncapital sentences." *United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006)

---

[5] "Victim injury" means the physical injury suffered as a direct result of the primary offense or any additional offense for which a defendant has been convicted.  § 921.0021(7)(a), Fla. Stat.  An additional offense is defined as "any offense other than the primary offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense." § 921.0021(1), Fla. Stat.  *See also* Fla. R. Crim. P. 3.704(c)(9).

(quoting *Ewing v. California*, 538 U.S. 11, 20 (2003)).  "Consequently, a court 'must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed.'"  *Johnson*, 451 F.3d at 1243 (quoting *United States v. Raad*, 406 F.3d 1322, 1324 (11th Cir. 2005)).  "In general, a sentence within the limits imposed by statute is [not] excessive . . . under the Eighth Amendment."  *Johnson*, 451 F.3d at 1243 (quoting *United States v. Moriarty*, 429 F.3d 1012, 1024 (11th Cir. 2005)).  Despite Brown's assertion that he was constructively sentenced to a period in excess of the statutory maximum on counts four and seven, he was in fact sentenced to time served on these counts. Because Brown does not establish his sentence was excessive or grossly disproportionate to the offenses for which he was convicted, he cannot show that trial counsel was ineffective for not raising this argument.

Additionally, despite Brown's conclusory assertion that his sentence violates the Fifth and Fourteenth Amendments, he does not show a federal constitutional violation.  A sentence within legislatively mandated guidelines is presumptively valid.  *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).  If a sentence is within statutory limits, state courts have wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).  As a result, federal habeas corpus review of an asserted violation of state sentencing law is limited.  *McCullough v. Singletary*, 967 F.2d 530, 535-36 (11th Cir. 1992), *cert. denied*, 507 U.S. 975 (1993).  Moreover, even assuming that the state court did not properly apply its sentencing guidelines, the "federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1998).  The calculation of Brown's sentence under the guidelines is a matter of state law and generally

not eligible for federal habeas review. *Graber v. Sec'y, Dep't of Corr.*, 417 Fed. App'x 882, 883 (11th Cir. 2011). *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Brown does not establish a due process violation or show that his sentences exceeded the maximum terms allowed by statute. Thus, he does not show that counsel was ineffective for not raising such an argument.[6]

Accordingly, Brown does not show that the state court's decision either unreasonably applied *Strickland* or unreasonably determined the facts in rejecting his claim. Brown is not entitled to relief on Ground Two.

**Ground Three**

Brown asserts that counsel was ineffective for failing to request a jury instruction on a lesser-included offense for counts two, five, and nine, which alleged lewd or lascivious conduct (solicitation), contrary to § 800.04(6)(a)2, Fla. Stat. Brown argues that counsel should have requested an instruction on the lesser included offense of "soliciting another to commit lewdness," contrary to § 796.07(2)(f), Fla. Stat.[7]

---

[6] Brown asserts that without these victim injury points, his scoresheet would have provided a minimum sentence of 16.15 years, that he would have received a lower sentence, and that the trial court intended to sentence him near the bottom the scoresheet range. (Doc. 1, pp. 8-9.) Brown made the same statements in his postconviction motion. To the extent Brown may attempt to argue that counsel's ineffective assistance affected the length of sentences imposed on counts other than counts four and seven, he is not entitled to relief. The state court is presumed to have denied this aspect of his claim on the merits. *See Harrington v. Richter*, 562 U.S. at 99. Brown does not demonstrate that his sentence on any count exceeds the statutory maximum. And any claim about potential sentences he might have received is entirely speculative. Accordingly, Brown does not show that the state court's ruling was based on an unreasonable application of controlling Supreme Court precedent, or based on an unreasonable determination of the facts. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).

[7] Section 800.04, Fla. Stat. is entitled "Lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age." Subsection (6)(a)2 provides that an individual who solicits a person under 16 years of age to commit a lewd or lascivious act commits lewd or lascivious conduct. Section 796.07

Brown claims that the jury likely would have convicted him of "soliciting another to commit lewdness" had they been instructed on it.  He asserts this is a "category one" or necessary lesser-included offense.  The Florida Supreme Court has explained that "when the commission of one offense always results in the commission of another, the latter offense is a category-one necessarily lesser included offense."  *Taylor v. State*, 608 So.2d 804, 805 (Fla. 1992).  Brown raised this ineffective assistance claim in claim three of his postconviction motion, which the state court summarily denied:

> Defendant alleges ineffective assistance of counsel for failing to request a category one lesser offense instruction for the two counts of soliciting to commit a lewd act.  Specifically, Defendant alleges that there was a proper lesser offense for solicitation which Defendant alleges is "to solicit another to commit lewdness" Florida Statute 796.07(2)(f).  Defendant alleges that had counsel requested the lesser included instruction, the Court would have permitted it, and the jury would have considered and chosen one [sic] the lesser degree (misdemeanor) offenses.
>
> After reviewing the allegations, the court file, and the record, the Court finds that "to solicit another to commit lewdness" is not a lesser included offense of lewd or lascivious conduct (solicitation).  Fla. Std. Jury Instr. (Crim.) 11.10(d).  Therefore, the Court finds counsel was not deficient for failing to request a lesser included offense instruction for the counts of lewd or lascivious conduct (solicitation).  Moreover, the Court finds that the Defendant cannot demonstrate prejudice because the Court would not have allowed the instruction for "to solicit another to commit lewdness" when it is not a lesser included offense.  *See* Fla. Std. Jury Instr. (Crim.) 11.10(d).  **As such, claim three is denied**.

(Ex 21, pp. 19-20.)  The record supports the state court's determination that Brown failed to demonstrate counsel was ineffective for not requesting this instruction.  As the state court noted, Florida's standard jury instruction on lewd or lascivious conduct does not list any offense under § 796.07, Fla. Stat. as a lesser-included offense.  Fla. Std. Jury Inst.

---

is entitled "Prohibiting prostitution and related acts."  Subsection (2)(f) provides that it is unlawful "[t]o solicit, induce, entice, or procure another to commit prostitution, lewdness, or assignation."

(Crim.) 11.10(d).[8]  The charged offense involves lewd and lascivious conduct relating to minors, whereas Brown's proposed lesser-included offense concerns the prohibition on soliciting prostitution.

Furthermore, the state court's finding that Brown did not demonstrate prejudice is supported.  Brown's contention that the jury would have instead convicted him of the proposed lesser-included offense had counsel requested the instruction is speculative and conclusory.  In considering such claims, the Eleventh Circuit Court of Appeals has stated that:

> [A]ssertions that [a petitioner] would have been convicted of the lesser included offense, as opposed to the greater offense, are pure speculation–speculation both that the state trial court would have decided to instruct the jury on the lesser included offense and that the jury, if instructed on the lesser included offense, would have convicted on it instead of the higher offense.  That speculation is insufficient to undermine our confidence in the outcome of [the petitioner's] trial.

*Harris v. Crosby*, 151 Fed. App'x 736, 738 (11th Cir. 2005).  Brown does not demonstrate that, had counsel requested the instruction, the state trial court would have been required to provide it.  Nor does Brown offer any evidence to show that the jury convicted him as charged on the solicitation counts for any reason other than their determination that the State succeeded in meeting its burden of proof.  Accordingly, Brown fails demonstrate that the state court unreasonably applied *Strickland* or unreasonably determined the facts.  Ground Three does not warrant relief.

**Ground Four**

---

[8] Although Standard Jury Instruction 11.10(d) was adopted after Brown's trial, the Florida Supreme Court did not include "soliciting another to commit lewdness" as a lesser-included offense when it adopted this instruction and authorized it for use.  *See In re Standard Jury Instructions In Criminal Cases-Report No. 2008-02*, 998 So.2d 1138 (Fla. 2008).

On the counts of lewd or lascivious molestation (counts one, three, four, seven, and eight), the jury was instructed on battery as a category two, or permissive, lesser-included offense.  The Florida Supreme Court has explained the meaning of a category two lesser-included offense:

> If the lesser offense has at least one statutory element not contained in the greater, it cannot be a category-one necessarily lesser included offense. However, such a lesser offense may be a category-two permissive lesser included offense if its elements are alleged in the accusatory pleading and proven at the trial.

*Taylor*, 608 So.2d at 805.  Brown contends that counsel was ineffective for failing to challenge the battery instruction on the grounds that battery was not adequately alleged in the charging document.  As relevant to the lesser-included offenses provided in the jury instructions, battery occurs when a person actually and intentionally touches or strikes another against the other person's will.  § 784.03(1)(a)1, Fla. Stat.  (Ex. 1B, pp. 430-33.)  Brown states that, in charging lewd or lascivious molestation, the amended superseding information did not charge that the actions occurred against the will of the victims.

Brown asserts that when the jury was instructed on battery, he "lost the ability of the jury to properly exercise their pardoning power."  (Doc. 1, p. 13.)  He believes that the jury would have convicted him of an even less severe lesser-included offense if not for the battery instruction.

Brown raised this claim of ineffective assistance in ground four of his state postconviction motion, which the state court denied following an evidentiary hearing:

> Defendant alleges counsel was ineffective for failing to challenge the instruction on battery as the next step lesser, when it was not adequately charged. Specifically, Defendant alleges that on counts one, three, four, seven and eight, the jury was given the lesser included offense of battery. Defendant alleges battery is only a permissive lesser and must be adequately

charged in the information in order for the jury to be instructed on it. Defendant alleges battery includes the element of "against will" or lack of consent and this was not alleged in the information. Defendant alleges the improper instruction took away the pardoning power of the jury based on the fact that the jury went beyond the improper instruction on counts four and seven.  Defendant alleges had counsel challenged the instruction he would have been found guilty of a lesser offense for counts one, three and eight. An evidentiary hearing was granted on this claim.

At the August 22, 2011, evidentiary hearing, Defendant testified that there were no discussions before trial regarding the jury instructions.  He testified that [counsel] handled everything regarding the jury instructions without consulting Defendant. Defendant testified that he thought the lesser included offense of battery should not have been included because it was not charged in the charging information. Defendant testified that he believed the jury may have just stopped at battery when they would have gone to a misdemeanor if battery was not included.

Defendant testified that [counsel] agreed with the instructions as they were.  Defendant testified that he believed that had [counsel] objected to the jury instructions, the jury would have gone with a lesser section 800.02, Florida Statutes, and he would have had a better outcome. Defendant testified that he believed the Judge would not have allowed the instructions on battery because they were not in the information.

On cross-examination, Defendant testified that he did see the scoresheet, and he knew that fifteen (15) years was below the bottom of his guidelines. He testified that he knew four separate boys were going to testify. He testified that he knew he was also convicted of other lesser included offenses that were also not contained in the information.  He testified that [counsel] did not tell him that battery was a permissive lesser included, and that he understood that it was only permissive if it were alleged in the information.  He testified that the jury did not convict him of the lesser of battery on three charges where it was available, and they went for the higher charge.  Defendant testified that he was not convicted of any counts of battery.

At the August 22, 2011, evidentiary hearing, [counsel] testified that on counts four and seven, Defendant was convicted of a lesser included offense.  He testified that battery and lewd and lascivious conduct were the only two appropriate lessers. He testified that battery is a lesser of lewd and lascivious molestation.  He testified there was evidence to support a battery conviction.  He testified that he wanted battery to be on the verdict form because it is his practice to give the jury every opportunity to hang their hat on a lesser included offense if he cannot get an outright acquittal.  He testified that he believed it was in Defendant's best interest to have battery on the form. He testified that he wanted to get every permissible lesser for his clients to try to prevent them from getting felony charges, and it is his decision as a lawyer.

> After reviewing the allegations, the testimony, the court file, and the record, the Court finds [counsel's] testimony to be more credible than that of Defendant.  The Court finds [counsel] made a strategic decision to include lesser included offenses in the hopes the jury would return a verdict for a lesser offense if not an acquittal.   The Court finds Defendant cannot demonstrate deficient conduct.  **As such, no relief is warranted.**

(Ex 21A, pp. 119-21) (court's record citations omitted)

The record supports the state court's finding that counsel's performance was not deficient.  Counsel's testimony reflects that he was  attempting to provide more options for the jury to convict Brown on a lesser included offense if they were unwilling to acquit him.  Brown does not show that this was an unreasonable decision.   Accordingly, he cannot meet the *Strickland* test.   "For a petitioner to show deficient performance, he 'must establish that no competent counsel would have taken the action that his counsel did take.'" *Putman v. Head*, 268 F.3d 1223, 1244-45 (11th Cir. 2001) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).  *See also Roe v. Flores–Ortega*, 528 U.S. 470, 481 (2000) ("The relevant question is . . . whether counsel's choices were . . . reasonable.").

Furthermore, Brown's suggestion that the jury would have convicted him of an even less severe lesser-included offense had they not been instructed on battery is conclusory and speculative.  It cannot, therefore, sustain his assertion of ineffective assistance.  *See Hill v. Lockhart*, 474 U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).  Brown does not establish that the jury's decision to convict him as charged on counts one, three, and eight was due to any factor other than

their belief that the State proved every element of the charged offenses.

Accordingly, Brown does not demonstrate that the state court's finding is an unreasonable application of *Strickland* or based on an unreasonable determination of the facts.  He is not entitled to relief on Ground Four.

**Ground Five**

The State initially charged Brown with twenty-one counts. (Ex. 1, pp. 11-24.)  Each offense was alleged to have occurred over a span of time.  (Id.) Counsel filed a motion for statement of particulars that sought the exact time, date, and location of each alleged offense. (Ex. 1, p. 70.)  The State filed a superseding information, followed by an amended superseding information.  The amended superseding information charged Brown with nine counts.  (Id., pp. 83-87.)  All of the offenses were again charged as having occurred over a period of time.  (Id.)  The time frames in the second amended information were broader than those originally alleged as to three of the four victims.  (Id., pp. 11-24, 83-87.)

Brown argues that counsel was ineffective for failing to object to the State's amended superseding information, which he appears to characterize as the State's response to his motion for statement of particulars.  Brown asserts that the State was required to narrow the time frames alleged and to provide specific information regarding the times, dates, and locations of the charged offenses.  Brown asserts that the time frames in the amended superseding information were so broad that he could not defend against them.  He further asserts that the conduct upon which the solicitation charges was based likely represented the same conduct upon which the charges of lewd or lascivious molestation, which he describes as a "completed" act, were also based.  Brown claims counsel should have made sure that the offenses were adequately charged to ensure a fair

trial and protect against a double jeopardy violation.  He states that had counsel objected, the court would have dismissed the amended superseding information or required the State to provide these details.[9]

Brown asserts that counsel should have objected to the jury instructions on similar grounds.  He believes that the jury was unable to determine whether the solicitation charges and molestation charges involved different conduct or the same conduct.  Brown states that he because would not have been convicted for both offenses had the jury been properly instructed, due process and double jeopardy violations occurred.  Brown faults counsel for not ensuring that the jury was instructed on the exact conduct alleged.

Brown raised this allegation of ineffective assistance of counsel in ground five of his postconviction motion.  The state postconviction court denied his claim after holding an evidentiary hearing:

> Defendant alleges counsel was ineffective for failing to object to the charging Information, jury instruction, and State's response to Defendant's "motion for statement of particulars."   Specifically, Defendant alleges the initial Information had different time spans.   Defendant asserts in response to Defendant's demand for particulars, the State expanded the time frame making it too broad to defend against.   Defendant alleges had counsel objected to the amended information, it would have been dismissed.

---

[9] Brown asserts that as a result of the broader time frames in the amended superseding information, the charges involving victims C.L. and N.H. potentially should have been third degree felonies, rather than second degree felonies, because the charges alleged conduct occurring after those victims turned sixteen years old.  He states that convictions for third degree felonies would have resulted in a less severe lowest permissible sentence on his scoresheet.  Brown did not raise this aspect of his claim in his postconviction motion. (Ex. 21, pp. 43-65.)  A petitioner may not present a particular factual instance of ineffective assistance of counsel in his federal habeas petition that he did not present to the state court. *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005); *Johnson v. Singletary*, 162 F.3d 630, 634-35 (11th Cir. 1998).  If a petitioner raises an ineffective assistance of counsel claim in state court, but alleges different supporting facts in his federal habeas petition, he has failed to fairly present the federal claim to the state court.  *See Weeks v. Jones*, 26 F.3d 1030, 1044-46 (11th Cir. 1994).  Accordingly, this claim is unexhausted.  Brown cannot return to state court to file an untimely, successive postconviction motion.  *See* Fla. R. Crim. P. 3.850(b),(h).  The claim is therefore procedurally defaulted.  *Smith v. Jones*, 256 F.3d at 1138.  Brown does not establish that either exception applies to overcome the default.  *Id.*  This claim is barred from federal habeas review.

Defendant also alleges counsel should have objected and requested the Court instruct the jury as to the exact conduct alleged to be solicited. Defendant alleges counsel should have requested the Court tell the jury that in order to convict Defendant for the solicitation, the jury had to find the solicitation did not occur in one continuing act that was also charged as a completed offense. Defendant alleges the jury could not determine whether he was guilty of any specific conduct, and the Court would have granted counsel's request for the instruction if it was made.

Lastly in claim five, Defendant alleges the State's response to the demand for particulars did not allege the conduct Defendant was alleged to have committed in regards to the solicitation counts. The lack of detail failed to give notice to Defendant of the crime he was alleged to have committed and that no defense was possible. Defendant asserts if counsel had objected, the State would have been forced to provide the necessary details for Defendant to make informed decisions about his case and defenses rather than being forced to go to trial. An evidentiary hearing was granted on this claim.

At the August 22, 2011, evidentiary hearing, Defendant testified that there were no discussions before trial regarding the jury instructions. He testified that [counsel] handled everything regarding the jury instructions without consulting Defendant . . . .

. . . .

Defendant further testified that a motion for particulars was filed in his case, and the motion was granted. He testified that the motion was filed because they did not have the exact time, date and place of each of the alleged offenses. Defendant testified that he needed the particulars to prepare a defense. He testified that the time frames were actually enlarged after the motion for particulars. He testified that [counsel] did nothing to further specify the crimes, dates or places. He testified that [counsel] should have objected to the State's response to the motion for particulars and asked the judge to enforce it. Defendant testified that had he had the time, date and place of each occurrence, he would have been better able to defend the charges.

Defendant also testified that [counsel] failed to object to a jury instruction or request a jury instruction as to what his [sic] specific conduct he was accused of. He testified that the jury would have no way to know if these acts were part and parcel of a completed act or a separate act. Defendant also testified that [counsel] did not renew his motion for particulars. He testified that the motion for particulars would have let the jury see if these were separate acts. He testified that this could have affected his sentence.

On cross-examination, Defendant testified that he did see the scoresheet, and he knew that fifteen (15) years was below the bottom of his guidelines. He testified that he knew four separate boys were going to testify. He testified that [counsel] did not talk to him about the fact that the State is permitted to give a range of dates when dealing with children. Defendant testified that in the transcripts of the boys' depositions there were some details

regarding places and time frames that the events occurred.

At the August 22, 2011, evidentiary hearing, [counsel] testified that he did file a motion for particulars, and that reduced the twenty count indictment down to nine counts. He testified it was normal for time spans to change during the course of the various responses. He testified that he was aware that case law allowed for a range of dates when it involved children. He testified that he remembered this being a situation where events happened over a period of time. He testified that there was no reason to believe that an objection to the State changing time frames would have gotten the information dismissed.

[Counsel] testified he recalled the Court giving instructions with the specific elements required for each count of solicitation. He testified that had any of them been repeated, he would have objected. He also testified that at least some of the boys gave details about where the events occurred.

[Counsel] testified that he filed a motion for particulars at Mr. Brown's request because he didn't think it was necessary or that it improved or hurt their case. He testified that the State is allowed to give a range of time, so no further motions were pursued.

After reviewing the allegations, the testimony, the court file, and the record, the Court finds [counsel's] testimony to be more credible than that of Defendant. The Court finds the charging information is allowed to use time spans. *See State v. O'Brien*, 636 So.2d 92 (Fla. 5th DCA 1994). The Court finds the jury instructions had the specific elements required for each count. The Court again finds the State is allowed to give time spans when dealing with children and need not allege each specific incident. *See State v. O'Brien*, 636 So.2d 92 (Fla. 5th DCA 1994). The Court finds Defendant cannot demonstrate deficient conduct. Alternatively, the Court also finds Defendant cannot demonstrate prejudice because even if counsel had made the alleged objections, it would not have changed the outcome of the trial. **As such, no relief is warranted.**

(Ex. 21A, pp. 121-25) (court's record citations omitted)

The record supports the state court's findings that Brown is not entitled to relief.

Brown does not show that counsel was ineffective for not challenging the amended

superseding information. A charging document is sufficient "if it, first, contains the

elements of the offense charged and fairly informs a defendant of the charge against which

he must defend, and, second, enables him to plead an acquittal or conviction in bar of

future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117

(1974).  "An indictment that tracks the language of the relevant statute is sufficient, as long as it also provides a statement of facts and circumstances that give notice of the offense to the accused."  *United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007) (citing *Russell v. United States*, 369 U.S. 749, 765 (1962)).

Each count of the amended superseding information alleged conduct consistent with the elements of the offenses and involving a particular victim. (Ex. 1, pp. 83-87.) The state postconviction court found that the time spans alleged in the charging document were permissible.  Furthermore, counsel's evidentiary hearing testimony indicates that the motion for statement of particulars resulted in a significant decrease in the number of charges, but that there would have been no benefit to challenging the amended superseding information. To the extent Brown makes conclusory allegations that the charging document violated his due process rights, he fails to establish a constitutional violation.  Brown does not show that counsel was deficient for not raising Brown's proposed objections to the amended superseding charging document, or that the outcome of the proceedings likely would have been different had counsel done so.

Nor is Brown entitled to relief on the ground that counsel was ineffective for failing to challenge the jury instructions.  A jury must be instructed on every element of the offense that the State is required to prove.  *See Gerds v. State*, 64 So.2d 915, 916 (Fla. 1953) (explaining that due process provisions of both the Federal and Florida Constitutions require that "a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence.").  The record reflects that the jury in Brown's case was instructed on the elements of each crime charged.  (Ex. 1B, pp. 423-430.)

Additionally, to the extent Brown claims that counsel's failure to challenge the jury instruction resulted in a double jeopardy violation, his assertion fails. Brown does not establish a double jeopardy violation. The Double Jeopardy Clause of the United States Constitution protects defendants protects defendants from (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; or (3) multiple punishments for the same offense. *Jones v. Thomas*, 491 U.S. 376, 380-81 (1989). Brown does not establish that he was convicted or punished twice for the same conduct. *See United States v. Dixon*, 509 U.S. 688, 696 (1993) (the relevant test for double jeopardy purposes "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment . . . ."). The offenses lewd or lascivious molestation and lewd or lascivious conduct (solicitation) each contain an element not present in the other.[10]

Brown therefore does not demonstrate that counsel's failure to object to the jury instruction resulted in a due process or double jeopardy violation, or that there is a reasonable probability the outcome of trial would have been different had counsel raised such an objection. Accordingly, he does not show that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying this ground.

Finally, within Ground Five, Brown argues that he is entitled to relief based upon the cumulative nature of counsel's alleged errors. This claim is unexhausted because Brown did not raise it in his postconviction motion. (Ex. 21, pp. 43-65.) Even if the claim was

---

[10] Section 800.04(5)(a), Fla. Stat., provides that a person who "intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, buttocks, or th clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator" commits lewd or lascivious molestation. Section 800.04(6)(a)2 , Fla. Stat., provides that an individual who solicits a person under 16 years of age to commit a lewd or lascivious act commits lewd or lascivious conduct.

exhausted, Brown would not be entitled to relief. "The Supreme Court has not directly addressed the applicability of the cumulative error doctrine in the context of an ineffective assistance of counsel claim." *Forrest v. Fla. Dep't of Corr.*, 342 Fed. App'x 560, 564 (11th Cir. 2009). The Supreme Court has held, however, in relation to an ineffective assistance of counsel claim, that "there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." *Id.* at 564-65 (quoting *United States v. Cronic*, 466 U.S. 648, 659 n.26 (1984)). Brown has not met his burden to show that he is entitled to relief on any of the ineffective assistance claims presented in his federal habeas petition. Ground Five warrants no relief.

It is therefore ORDERED that Brown's petition for writ of habeas corpus (Doc. 1) is DENIED. The Clerk is directed to enter judgment against Brown and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Brown is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Brown "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

further'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).   Brown has not made the requisite showing in these circumstances.

Finally, because Brown is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED in Tampa, Florida, on April 17, 2015.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Frazier T. Brown, III
Counsel of Record